UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KEVIN GILL; SIERRA WHITLEY,

                 Plaintiffs,[1]

-against-

SILVER INVESTORS INC.; ISSAC TEITELBAUM;
MOSHE KHAN; WALTER CHIAM; MYRKO
BAZLIME, (all officers and/or Employees of
Silver Investors Inc.; ISSM Protective Services;
ERIC DAVIS, of ISSM Protective Services.,

                 Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
16 CV 3219 (LDH)

LASHANN DEARCY HALL, United States District Judge:

On June 14, 2016, *pro se* Plaintiffs, Kevin Gill ("Gill') and Sierra Whitley ("Whitley"), filed the instant action and allege violation of their constitutional rights by Defendants, who are private individuals and corporations. Plaintiffs predicate jurisdiction on 28 U.S.C. §§ 1331, 1343 1367, and 42 U.S.C. § 1983, and allege, *inter alia*, that their rights under the Fourteenth Amendment have been violated. Plaintiffs' requests to proceed *in forma pauperis* are granted. For the reasons discussed below, the complaint is dismissed. Plaintiff Whitley is granted leave to submit an amended complaint within thirty (30) days of the date of this order.

## BACKGROUND

The following facts are drawn from the complaint, the allegations of which are assumed to

---

[1] This is the fourth action that Plaintiffs have filed together. *See Gill v. City of New York*, 16-cv-1398 (filed Mar. 18, 2016); *Gill v. City of New York*, 15-cv-5513 (filed Sept. 21, 2015); *Gill v. City of New York*, 15-cv-5603 (filed Sept. 23, 2015). Gill has filed two additional actions individually. *See Gill v. City of New York*, 15-cv-6623 (filed Nov. 17, 2015); *Gill v. City of New York*, 15-cv-5746 (filed Oct. 1, 2015).

1

be true for purposes of this memorandum and order. Plaintiffs allege that in 2006, Plaintiff Gill was given the keys to a property located at 2362 Atlantic Avenue, in Brooklyn, New York by his relative. (*See* Compl. ¶ 26, ECF No. 1.) Since that time, Plaintiffs allege that Plaintiff Gill has maintained and exclusively occupied the premises. (*Id.* at ¶ 26.) Although unclear, Plaintiffs appear to allege that Defendant Silver Investors has "unlawfully" taken over the premises. (*But see id.* at pgs. 24-25; *Silver Investors, Inc., v. Gill et al.*, L&T Index No. 55287, Notice of Petition; *Silver Investors Inc. v. Gill et al.*, L&T Index No. 55290, Notice of Petition) (indicating that Gill is a holdover tenant).

Plaintiffs aver a litany of allegations against Defendants. In brief, Plaintiffs allege that the individual Defendants who are agents, officers or employees of Silver Investors, Inc., have entered Plaintiffs' residence on multiple occasions without permission. Thereafter, Defendants contacted the New York City Police Department in order to have Plaintiffs vacate the premises. For example, on or about March 2, 2015, Defendant Chaim entered the premises and called the police, who subsequently arrested Plaintiff Gill for trespass. (Compl. at ¶ 7.) Plaintiff Gill entered a plea of guilty to disorderly conduct, and an order of protection was issued against Plaintiff Gill barring him from contact with Defendants Khan and Chaim. (*Id.*)

On May 20, 2015, Defendant Chaim entered the residence and called the police who then transported Plaintiff Whitley to Interfaith Hospital, where Plaintiffs allege that Plaintiff Whitley was forcibly medicated and held for 17 days. (*Id.* at ¶ 8). On January 21, 2016, after Defendants attempted to enter the premises, Plaintiff Gill was arrested for menacing and resisting arrest. (*Id.* at ¶ 12). Plaintiffs allege that to the extent that Defendants have obtained possession of Plaintiffs' home, they have done so fraudulently and acting in concert with members of the New York City

Police Department. Plaintiffs seek monetary damages and a restraining order prohibiting Defendants from contacting Plaintiffs.

## DISCUSSION

### I. Standard of Review

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (describing liberal construction of *pro se* pleadings); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (same); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008) (same).

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)).

3

## II. Rule 8

Rule 8 provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct," *id.* at 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted); *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial") (internal citations omitted).

## III. Federal Question Jurisdiction

Plaintiffs seek to recover damages for alleged violations of their civil rights. Section 1331 gives the court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) ("Under 28 U.S.C. § 1331, federal courts have original jurisdiction over cases 'arising under' federal law."). A case arises under federal law where federal law

4

creates the plaintiff's cause of action or where "the well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" *Bracey*, 368 F.3d at 113 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)). Although Plaintiffs invoke the Court's federal question jurisdiction, their claims do not arise under federal law or depend on resolution of questions of federal law. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (stating that when a court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety).

The Constitution regulates only the conduct of government actors and not that of private parties. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). To the extent that Plaintiffs seek to maintain an action under § 1983, they must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*; *see also McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) ("To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law."); *Schiff v. Suffolk Cty. Police Dep't*, No. 12-cv-1410, 2015 WL 1774704, at *5 (E.D.N.Y. Apr. 20, 2015) (same). "Under color" of law has been interpreted to

mean the same thing as "state action" under the Fourteenth Amendment. *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982). Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted); *cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). "Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights . . . applies to acts of the states, not to acts of private persons or entities." *Rendell–Baker*, 457 U.S. at 837.

For Plaintiffs to succeed on their § 1983 complaint, they must first establish that the conduct of the named Defendants is "fairly attributable to the State." *American Mfrs. Mut. Ins. Co.*, 526 U.S. at 50. Therefore, for Plaintiffs to show that their constitutional rights have been violated, they must first establish that the challenged conduct constitutes "state action." *See Ciambriello*, 292 F.3d at 323 (citing *United States v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295-96 (2d Cir. 1991)). Here, all of the named Defendants are private individuals and corporations and therefore are not state actors. Accordingly, 42 U.S.C. § 1983 is ordinarily inapplicable to them.

Private individuals who are not state actors may nonetheless be liable under § 1983, however, if they have conspired with or engaged in joint activity with state actors. *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012) (internal citations omitted). To state a Section 1983 conspiracy claim against a private entity, Plaintiffs must do more than plead simply and in conclusory fashion that Defendants "conspired" with state actors. *Ciambriello*, 292 F.3d at 324. Instead, Plaintiffs must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Id.* at 324-25; *see also Shabtai v. Levande*, No. 13-cv-4580, 2013 WL 6116850, at *3 (E.D.N.Y. Nov. 20, 2013) (same).

Here, Plaintiffs fail to allege any facts to show that Defendants acted in concert with state actors in furtherance of committing an unconstitutional act. Because Defendants are private parties and corporations whose conduct is not attributable to the state, they are not liable under § 1983. *See, e.g., Betts v. Shearman*, 751 F.3d 78, 85 (2d Cir. 2014) ("Where . . . a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not jointly engaged in the officer's conduct so as to render it a state actor under Section 1983.") (quoting *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999)); *see also Harrison v. New York*, 95 F. Supp. 3d 293, 321-22 (E.D.N.Y. 2015) (Section 1983 constrains state conduct, not the acts of private individuals or entities, and so the conduct of private persons or entities generally cannot form the basis of a § 1983 claim). Accordingly, Plaintiffs fail to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

### IV. Leave to Amend

Out of an abundance of caution and in deference to Plaintiff Whitley's *pro se* status, Plaintiff Whitley is granted thirty (30) days from the date of this order to submit an amended complaint solely regarding her claim of forced medication and hospitalization. Should Plaintiff Whitley elect to file such a claim, she must name as Defendants those individuals who were personally involved in the incident alleged and provide other pertinent information, including dates. If Plaintiff Whitley wishes to bring claims against a Defendant and does not know the name of the individual, she may identify each of them as John or Jane Doe, identify their place of employment, and to the best of her ability describe each individual and the role he or she played in the alleged deprivation of Plaintiff Whitley's rights. Plaintiff Whitley's amended complaint must set forth the legal basis and factual allegations in a clear and concise manner in order to support her claim against Defendants, and she must state the relief that she is seeking with respect thereto. The amended complaint must be captioned as a "Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If Plaintiff Whitley fails to amend her complaint within 30 days as directed by this memorandum and order, judgment dismissing the action shall be entered.

## CONCLUSION

Accordingly, it is hereby ordered that the complaint, filed *in forma pauperis*, is dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). Plaintiff Whitley is granted thirty days leave from the date of this memorandum and order to file an amended complaint as detailed above. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order

would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

s/ LaShann DeArcy Hall
_____
LASHANN DEARCY HALL
United States District Judge

Dated: Brooklyn, New York
          2016